**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AARON McCULLOUGH, | : |
| Petitioner, | : CIVIL ACTION NO. 1:08-01624 |
| v. | :           (CONNER, D.J.)<br>            (MANNION, M.J.) |
| | : |
| BRIAN COLEMAN, ET AL., | : |
| Respondents. | : |
| | : |

**REPORT AND RECOMMENDATION**

On August 29, 2008, petitioner, an inmate at the State Correctional Institution–Fayette in LaBelle, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner also filed a supporting memorandum of law. (Doc. No. 2). Petitioner challenges a judgment of conviction before the Court of Common Pleas, Dauphin County, Harrisburg, Pennsylvania. (Doc. No. 1 at 1.)[1]

According to the Petition, the petitioner was convicted and sentenced for: (1) possession with intent to deliver cocaine; (2) possession with intent to deliver marijuana; (3) tampering with records or identification writings; (4) simple possession; (5) possession of drug paraphernalia; and (6) possession of small amounts of marijuana. These charges arise out of a

---

[1] Petitioner's application to proceed in forma pauperis, Doc. No. 3, was denied, Doc. No. 5. Petitioner also received the standard administrative in regard to filing successive habeas petitions. (Doc. No. 8.)

traffic stop arrest which occurred on February 29, 2004. The petitioner entered a plea of not guilty to the charges.

Petitioner sought to suppress evidence seized in connection with the arrest. *See* Doc. No. 2 at 10 *et seq*. (collecting citations to petitioner's September 9-12, 2005 suppression hearing transcript). Apparently, petitioner did not prevail. Petitioner was found guilty on January 12, 2006. He was sentenced on March 3, 2006 to 6 to 15 years, to be followed with 10 years probation. (Doc. No. 1 at 1.) His conviction was affirmed on appeal on November 26, 2006, and on August 29, 2007, the state Supreme Court denied his application for review. (Doc. No. 2 at 9.)

Petitioner's Section 2254 habeas action raises the same suppression claim raised in the state court. Indeed, the *only* claim made in his memorandum is one of legal error by the state courts in regard to their failure to suppress evidence (which he argues was illegally) obtained in connection with his arrest at the traffic stop. However, as a general rule, Fourth Amendment exclusionary-rule claims are cognizable on federal habeas corpus only if there has been no opportunity for full and fair litigation of the claim in the state courts. See *Reed v. Farley*, 512 U.S. 339 (1994); *Withrow v. Williams*, 507 U.S. 680 (1993); *Stone v. Powell*, 428 U.S. 465 (1976); *Gilmore v. Marks*, 799 F.2d 51 (3d Cir. 1986), *cert. denied,* 479 U.S. 1041 (1987); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3d Cir. 1984).

Here, there is no indication that the petitioner did not receive a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Rather, his only claim is one of error by the state courts. The petitioner had an opportunity to pursue his suppression claim before the trial court, as well as on appeal to the Pennsylvania Superior Court and in his application to the Pennsylvania Supreme Court. Thus, this Court is precluded from considering the merits of petitioner's claim, and the petition for a writ of habeas corpus should be dismissed.[2]

On the basis of the foregoing, **IT IS RECOMMENDED THAT**: the petition for writ of habeas corpus, (Doc. No. 1), be **DISMISSED**.

> s/ *Malachy E. Mannion*
> **MALACHY E. MANNION**
> **United States Magistrate Judge**

**Date** December 19, 2008

O:\shared\REPORTS\2008 Reports\08-1624-01.wpd

---

[2] In light of the foregoing, the Court's report and recommendation has addressed neither exhaustion nor statute of limitations related issues.

3