IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON McCULLOUGH, | : | CIVIL ACTION NO. 1:08-CV-1624 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 2nd day of March, 2009, upon consideration of the report of the magistrate judge (Doc. 10), to which no objections were filed, recommending dismissal of the petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254, and, following an independent review of the record, it appearing that petitioner received a full and fair opportunity to litigate his Fourth Amendment claim in the state courts,[1] and that petitioner does not contend that his right to such

---

[1] The instant petition (Doc. 1) demonstrates on its face that petitioner was previously afforded a full and fair hearing on his Fourth Amendment claim. Petitioner first raised this issue in the Dauphin County Court of Common Pleas (see Doc. 2 at 20), when he filed a motion to suppress the discovery of narcotics that he alleges were obtained during an unlawful search. The trial court held a suppression hearing, after which petitioner's motion to suppress was denied. (Id.) Petitioner was then found guilty at trial. (See Doc. 1 at 1-2.) Petitioner appealed his conviction to the Superior Court of Pennsylvania, and specifically challenged the trial court's denial of his motion to suppress evidence. (Doc. 2 at 20.) On November 29, 2006, the Superior Court affirmed the judgment. (Id. at 9.) Petitioner's request to appeal to the Pennsylvania Supreme Court was then denied on August 29, 2007. (Id.) Under clear Third Circuit precedent, a defendant receives a full and fair opportunity to litigate his claim when he is permitted to present his arguments at a pretrial suppression hearing, and is given the opportunity to appeal an unfavorable ruling to the Pennsylvania Superior Court. See United States ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978).

a hearing was denied, but rather that the state court erred in resolving his claim therein, (see Doc. 2 at 15), and the court concluding that petitioner has received a full and fair hearing within which to present his Fourth Amendment claim, and that his instant attempt to relitigate this issue is meritless, see Stone v. Powell, 428 U.S. 465, 481 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."); see also Gilmore v. Marks, 799 F.2d 51, 56 (3d Cir. 1986) ("[A] federal court may not reexamine the state court's determination that no Fourth Amendment violation occurred."), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 10) is ADOPTED.

2. The petition for a writ of habeas corpus (Doc. 1) is DENIED.

3. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

4. The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge